OPINION — AG — **** USE OF FUNDS FROM BONDS PURCHASED BY COMMISSIONERS OF THE LAND OFFICE **** THE COMMISSIONERS OF THE LAND OFFICE MAY LEGALLY PURCHASE THE BONDS ISSUED BY THE OKLAHOMA INDUSTRIAL FINANCE AUTHORITY. THE USE OF THE FUNDS DERIVED FROM SUCH PURCHASES NEED NOT TO BE TIED TO AGRICULTURE. CITE: 64 O.S. 1971 1 [64-1], ARTICLE XI, SECTION 6, ARTICLE VI, SECTION 32, 74 O.S. 1971 856 [74-856], ARTICLE X, SECTION 34, 64 O.S. 1971 51 [64-51] (MICHAEL D. TINNEY) ** SEE: OPINION NO. 73-143 (1973) ** ** SEE: OPINION NO. 73-277 (1973) **
** Summary **
USE OF FUNDS FROM BONDS PURCHASED BY COMMISSIONERS OF THE LAND OFFICE The Commissioners of the Land Office may legally purchase the bonds issued by the Oklahoma Industrial Finance Authority. The use of funds derived from such purchases need not be tied to agriculture. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: "1. May the Commissioners of the Land Office legally purchase the bonds issued by the Oklahoma Industrial Finance Authority? "2. If the answer to the first question is yes, must the use of funds derived from such purchases be tied to agriculture?" The Commissioners of the Land Office is a constitutional body established by Article VI, Section 32 of the Oklahoma Constitution. That section provides: "The Governor, Secretary of State, State Auditor, Superintendent of Public Instruction, and the President of the Board of Agriculture, shall constitute the Commissioners of the Land Office, who shall have charge of the sale, rental, disposal, and managing of the school lands and other public lands of the State, and of the funds and proceeds derived therefrom, under rules and regulations prescribed by the Legislature. " This enabling act is augmented by 64 O.S. 1 [64-1] (1971), which restates the membership and functions of the Commissioners of the Land Office in identical language to that contained in the constitutional provision. The Constitution further provides in Article XI, Section 6 for the "Investment of permanent common school and other educational funds." That section, in part, specifies the following uses to which the funds administered by the Commissioners of the Land Office may be put, and reads in relevant part: "The permanent common school and other educational funds shall be invested in first mortgages upon good and improved farm lands within the State (and in no case shall be more than fifty per centum (50%) of the reasonable valuation of the lands without improvements be loaned on any tract), Oklahoma State Bonds, county bonds of the counties of Oklahoma, school district bonds of the school districts of Oklahoma, United States bonds, preference to be given to the securities in the order named. The said funds may also be invested in deposits in banks or trust companies in Oklahoma to the extent such deposit is insured by the Federal Deposit Insurance Corporation." (Emphasis added) Title 64 O.S. 51 [64-51] (1971), also specifies the above listed uses for the funds administered by the Commissioners of the Land Office and additionally requires that any proposed investment be approved by the Attorney General of the State of Oklahoma. The Oklahoma Industrial Finance Authority was created by a constitutional amendment adopted in 1960. Article X, Section 34, which is the enabling act, also authorizes the Authority to issue and sell bonds for the purpose of loaning funds to "Oklahoma incorporated industrial development agencies (whether profit or non-profit) in Oklahoma communities." This section further provides that: "All bonds representing the state indebtedness herein authorized to be created by the State Industrial Development Authority shall be backed by the full faith and credit of the State of Oklahoma, and there shall be pledged to the payment of principal and interest of the bonds herein authorized to be issued: (1) The net proceeds from repayment of loans and interest received thereon; (2) Any monies available from other funds of the State not otherwise obligated; and (3) the proceeds of any tax, other than ad valorem, which may be imposed for such purpose in the event funds available for use and pledge under (1) and (2) should be insufficient.'' (Emphasis added) Supplementary authority for the issuance of these bonds is found in 74 O.S. 856 [74-856] (1971). In addition to the above language in the constitutional provision, Section 856 states, in relevant part: "Such bonds shall have all the qualities and incidents of negotiable paper, and shall not be subject to taxation by the State of Oklahoma or by any county, municipality or political subdivision therein. All such bonds issued, or to be issued, by the Authority under the powers herein granted shall be backed by the full faith and credit of the State of Oklahoma . . ." (Emphasis added) It is thus clear that the bonds issued by the Oklahoma Industrial Finance Authority are general obligation bonds of the State of Oklahoma, notwithstanding that the primary source of revenue for retirement of the bonds is repayment of the monies loaned out by the Authority. And since Article XI, Section 6 and 64 O.S. 51 [64-51] (1971), specifically authorize the Commissioners of the Land Office to invest in "Oklahoma State bonds" it is clear that they may legally purchase Oklahoma Industrial Finance Authority bonds. You further ask whether the purchase of these bonds must be arranged so that the funds derived are tied to agricultural uses. Article XI, Section 6, Oklahoma Constitution, and 64 O.S. 51 [64-51] (1971), authorize the purchase of various bonds as investments and provide an order of priority to be given the securities There are, however, no restrictions placed on the terms under which such purchases must be made. This suggests that it is not necessary for the funds to be used for agricultural purposes only. This conclusion is bolstered by the fact that the other allowable forms of securities investmentS, i.e., county bonds, United States bonds, and school district bonds, cannot reasonably be tied to particular uses such as that in question. It is therefore the opinion of the Attorney General that your first question be answered in the affirmative. The Commissioners of the Land Office may legally purchase the bonds issued by the Oklahoma Industrial Finance Authority. It is further the opinion of the Attorney General that your second question be answered in the negative. The use of funds derived from such purchases need not be tied to agriculture. (Michael D. Tinney) ** SEE: OPINION NO. 73-143 (1973) ** ** SEE: OPINION NO. 73-277 (1973) **